UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-cv-00558-MR

| JIMMY SEVILLA-BRIONES, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) ORDER |
| EDDIE M. BUFFALOE, JR., | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on October 17, 2022. [Doc. 1].

## I. BACKGROUND

Jimmy Sevilla-Briones (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of two counts of trafficking methamphetamine and one count of conspiracy to traffic methamphetamine in the Superior Court of Mecklenburg County in 2013. [Doc. 1 at 1]. The Petitioner was sentenced to three consecutive terms of 90-120 months in prison. [Id.].

The Petitioner filed a direct appeal and on October 7, 2014, the North Carolina Court of Appeals issued its opinion finding no error. State v. Sevilla-

Briones, 765 S.E. 2d 554, 2014 WL 4978535 (N.C. Ct. App. 2014) (unpublished).

The Petitioner previously filed a § 2254 Petition for Writ of Habeas Corpus in this Court on February 9, 2017 attacking his 2013 judgment of conviction. On February 15, 2018, the Court dismissed the § 2254 petition as untimely filed. See [Docs. 1, 8] of Sevilla-Briones v. Perry, Case No. 3:17-cv-00056-FDW (W.D.N.C.). The Petitioner filed a second § 2254 Petition for Writ of Habeas Corpus in this Court on January 29, 2019, which this Court dismissed on November 26, 2019 as an unauthorized successive petition. See [Docs. 1, 7] of Sevilla-Briones v. Woods, Case 3:19-cv-00047-FDW (W.D.N.C.). The Petitioner filed a third § 2254 Petition for Writ of Habeas Corpus in this Court on January 28, 2020, which this Court dismissed on February 3, 2020 as an unauthorized successive habeas petition. See [Docs. 1, 3] of Sevilla-Briones v. Reid, Case 3:20-cv-00059-MR (W.D.N.C.).

The Petitioner filed the instant § 2254 petition on October 17, 2022. [Doc. 1]. The Petitioner raises the following claims: 1) fatally defective indictments; 2) the State produced no evidence of him as a knowingly participating in drug trafficking; 3) audiotape was wrongfully admitted into evidence; and 4) ineffective assistance of counsel. [Doc. 1 at 6-16].

2

Case 3:22-cv-00558-MR   Document 3   Filed 04/24/24   Page 2 of 4

## II. DISCUSSION

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is entitled to no relief. Rule 4, 28 U.S.C.A. foll. § 2254. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings is expressly limited. Under the AEDPA, "[b]efore a second or successive application ...is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C. § 2244(b)(3)(A). Failure to obtain authorization from the appellate court deprives the district court of jurisdiction to consider the petitioner's successive petition. Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

This Court previously addressed three § 2254 petitions filed by the Petitioner, with all previous petitions being dismissed. The instant § 2254 petition is an effort by the Petitioner to challenge his judgment and conviction from 2013 for a fourth time. As such, the pending § 2254 petition is successive. The Petitioner has not shown that he obtained authorization from the appellate court prior to filing his successive habeas petition as

3

required by 28 U.S.C. § 2244(b)(3)(A). This Court is therefore without jurisdiction to review the merits of the instant § 2254 petition. As such, the § 2254 petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as an unauthorized successive petition under 28 U.S.C. § 2244(b)(3).

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: April 23, 2024

Martin Reidinger
Chief United States District Judge